# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-6950 PSG (JCx) | Date | October 17, 2018 |
|---|---|---|---|
| Title | Carlos Maynes v. Western Christian School et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiff's motion to remand the case

Before the Court is Plaintiff Carlos Maynes's ("Plaintiff") motion to remand the case to state court. *See* Dkt. # 18 ("*Mot.*"). Defendants Western Christian School, Shauna Attwood, Michelle Browning, and Greg Saugstad (collectively "Defendants") have not filed an opposition. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** the unopposed motion.

I. Discussion

Plaintiff originally requested a hearing on his motion on October 15, 2018. *See Mot.* Because the Court had already closed that date for civil motions, it *sua sponte* rescheduled the hearing for October 29, 2018. *See* Dkt. # 20. This Court's local rules require opposition briefs to be filed no later than twenty-one days before the hearing date. *See* L.R. 7-9. With the hearing scheduled for October 29, 2018, Defendants were required to file any opposition by October 8, 2018. That date has passed, and no opposition has been filed. Pursuant to Local Rule 7-12, the Court deems Defendants' failure to file a timely opposition as consent to granting the motion. Therefore, Plaintiff's motion to remand the case to state court is **GRANTED**.

Plaintiff asks the Court to award him the attorneys' fees and costs incurred in preparing this motion. *See Mot.* 12:5–13:16. Under the relevant federal statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6950 PSG (JCx) | Date | October 17, 2018 |
|---|---|---|---|
| Title | Carlos Maynes v. Western Christian School et al. | | |

The Court finds that the current case does not meet this standard. Defendants removed the case after Plaintiff amended his complaint to add references to Title VII in his California-law claim for wrongful termination of employment in violation of public policy. *See Second Amended Complaint*, Dkt. 18-1, Ex. 16, ¶¶ 54–59; *Notice of Removal*, Dkt. # 8, ¶ 16. It appears that Plaintiff may be correct that this amendment did not trigger federal jurisdiction because the underlying cause of action was still brought under California law. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343–44 (9th Cir. 1996). But the Court finds that it was not objectively unreasonable for Defendants to believe that the amendment to the complaint created federal question jurisdiction.

The Supreme Court has emphasized that Congress intended to provide litigants with a federal forum for determining whether federal jurisdiction exists. *See Martin*, 546 U.S. at 140. It expressed concern that if fees and costs were frequently awarded when cases were remanded, defendants would only exercise their removal right in the most obvious of cases. *Id.* Here, the Court finds that there was a bona fide dispute over whether federal jurisdiction exists. While the Court ultimately did not decide the issue on the merits because Defendant failed to oppose Plaintiff's motion to remand, it concludes that Defendant's removal was not objectively unreasonable.

Plaintiff also argues that fees and costs should be awarded because the removal was untimely. *See Mot.* 11:3–12:4. But Defendants removed the case within 30 days after the amended complaint was filed. *See Notice of Removal* ¶ 17. While Plaintiff makes various arguments for why Defendants were on notice earlier about the possibility of federal jurisdiction, the Court finds that Defendants' decision to remove within 30 days after the filing of the amended complaint was not objectively unreasonable. Plaintiff's request for an award of attorneys' fees and costs is **DENIED**.

II.     Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand. The case is remanded to California Superior Court, Los Angeles County, No. BC579047. Plaintiff's request for attorneys' fees and costs is **DENIED**.

This order closes the case.

**IT IS SO ORDERED**.